E. McFarland, S. J.,
delivered the opinion of the Court.
The complainant in this bill alleges, that on’ the 18th of August, 1865, a judgment was rendered against him by James Allen, a Justice of the Peace for Greene county, for about $200 and costs, in favor of the defendant,, Mary Craft; that he sent two men to the Justice, to pray an appeal for him, and to become his securities upon an appeal bond; but that some two or three weeks after the time for granting the appeal had elapsed, he. discovered that, by mistake, their names had been entered as “stayors,” instead of becoming his securities for the prosecution of the appeal. He charges that the judgment was rendered upon a note, or due bill, executed by himself, under the following circumstances:
In January, 1863, he bought of said Mary Craft a check on the Bank of Lynchburg for $480, or $485, in *713 Confederate money; and after he had paid her for it in full, partly in a debt she owed him, she requested him, as a friend, and as a matter of accommodation, to take back and keep for her, as a deposit, $240 of the nioney. To this he consented, and executed the due bill, which which was intended merely as a receipt, or evidence of deposit, but, by mistake or ignorance, it was executed as implying an indebtedness; that this due bill was subsequently credited with $40, the price of a cow he had sold to her; that he had twice offered her the money before she sued, but she refused to receive it. Upon these grounds, he prays a perpetual injunction.
There was no demurrer to this bill, except in the answer, the respondent says: “She is advised, and will insist, that the complainant’s bill is demurrable, because the question submitted in it is one in which a court of law had'jurisdiction, and that this Honorable Court has no jurisdiction after a fair trial at law,” and then proceeds with the answer. This cannot be regarded as a demurrer to the jurisdiction of the Court. A demurrer upon this ground must -be a demurrer proper, .and not a demurrer embodied in the answer. Under section 4319 of the Code, a defendant may rely upon matters of demurrer in his answer, but this does not apply to a demurrer to the jurisdiction. Bennett v. Wilkins and Gordon, 5 Cold., 240. Whether or not the true ground ftir a demurrer as presented in this bill, was the want of jurisdiction in the Court, or that from - the face of the bill, it appeared that the question had been adjudicated at law, we will not determine, but will see whether the complainant is entitled to any relief upon *714 the merits of his case. Was the transaction intended to create a debt or obligation to pay, upon the part of the complainant, or was it a mere deposit, as he alleges? In the first place, the note or due bill, which must be regarded as the highest evidence of the contract, decides this question against the complainant. It is an obligation to pay $240 in currency on demand, and this is strengthened by the fact that this due bill was written by the complainant himself, and he is shown to be a man of fair business capacity. Again, the complainant in his bill omits a very important allegation, in order to make a case of special deposit, as he insists, although he charges that he still has the money; he does not charge that he kept the same as a special deposit, separate from his own funds; nor does he bring the same into court with his bill. This would have gone far to strengthen his case, notwithstanding the fact that, at the time this bill was filed, Confederate notes were worthless. The answer denies the case made by the bill, and insists that the due bill was given for the balance due her on the check, and created a debt or obligation on the complainant to pay the same on demand, in currency. The proof does no more than to show, that the complainant took the Confederate money back, after he had paid it to defendant at her request, to keep for her, she saying she was afraid of being robbed. This is not inconsistent with the position assumed by the defendant, that he kept it as a loan, and does not make out the complainant’s case. The fact stated in the bill, that the complainant twice offered to pay the Confederate money and was refused, goes rather to weaken than *715 strengthen complainant’s case. It is next argued, that complainant should be .relieved, upon the ground that the consideration of the due bill was Confederate money. Complainant bought the check of the defendant, and paid her Confederate money; but immediately, at her request, and as a part of the same transaction, took back $240 of the same Confederate money, and gave her a due bill for the amount. It might very fairly be assumed that the consideration of the due bill, was the balance of $240, due on the check, which is not shown to have been for Confederate money. If it should be a question of doubt, the law would imply that the contract was founded upon the legal, rather than the illegal, consideration. ■ But this question is not important now; for, under the decision made at the present term, this, under the facts in the case, would be no defense if clearly proved.
Affirm the decree.